Filed: 5/22/2015 1:04:22 PM
Juli Luke
Denton County, County Clerk
By: Johnna Sweet, Deputy

CAUSE NO. **CV-2015-01141**

| | | |
|---|---|---|
| JASON LEE VAN DYKE | § | IN THE COUNTY COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| EQUIFAX, INC., EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC., DISCOVER FINANCIAL | § | |
| SERVICES, CITIBANK N.A., CASH CENTRAL | § | AT LAW NO. 2 |
| OF TEXAS L.L.C., TIGER FINANCIAL | § | |
| MANAGEMENT L.L.C. d/b/a Speedy Cash. | § | |
| COMENITY CREDIT L.L.C. d/b/a Comenity | § | |
| Capital Bank and PayPal Credit, CAPITAL ONE | § | |
| N.A. d/b/a Capital One Bank USA, CITIZENS | § | |
| BANK N.A., and TRS RECOVERY SERVICES | § | |
| INC. | § | |
|     Defendants. | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### I. DISCOVERY CONTROL PLAN

1.1 This is a track two case. Plaintiff seeks recovery of monetary damages less than $200,000.00 and injunctive relief.

### II. PARTIES, JURISDICTION, AND VENUE

#### (Plaintiff)

2.1 Plaintiff is Jason Lee Van Dyke whose address is 108 Durango Drive, Crossroads, TX 76227.

#### (Defendants)

2.2 Defendant, Equifax Inc. ("Equifax"), a Georgia Corporation, may be served with process by and through its registered agent, Prentice-Hall Corporation System, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

2.3 Defendant, Experian Information Solutions, Inc. ("Experian"), an Ohio Corporation, may

be served with process by and through its registered agent, CT Corporation System, at 1999 Bryan St., #900, Dallas, TX 75201.

2.4  Defendant, Discover Financial Services ("Discover"), a Delaware Corporation, may be served with process by and through its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE 19801.

2.5  Defendant, Citibank N.A. ("Citibank"), is National banking Association whose principal place of business and address is 701 East 60th Street North, Sioux Falls, South Dakota 57014. Citibank N.A. may be served with process by and through the Texas Secretary of State at PO Box 12079, Austin, TX 78711 because (a) Citibank N.A. regularly engages in business in Texas; (b) does not maintain a regular place of business or a designated agent for service of process in Texas; and (c) this proceeding arises out of business conducted by Citibank in this state. Tex. Civ. Prac. & Rem. Code § 17.044(b).

2.6  Defendant, Cash Central of Texas L.L.C. ("Cash Central"), may be served with process by and through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

2.7  Defendant, Tiger Financial Management L.L.C. d/b/a Speedy Cash ("Speedy Cash"), a Nevada Limited Liability Company, may be served with process by and through its registered agent, National Registered Agents Inc. at 1999 Bryan St., #900, Dallas, TX 75201.

2.8  Defendant, Comenity L.L.C. d/b/a Comenity Capital Bank and PayPal Credit ("Comenity") may be served with process by and through its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, DE 19801.

2.9  Defendant, Capital One N.A. d/b/a Capital One Bank USA ("Capital One"), a Louisiana

Financial Institution, may be served with process by and through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

2.10 Defendant, Citizens Bank N.A. ("Citizens Bank"), is National banking Association whose principal place of business and address is 1 Citizens Drive, Riverside, RI 02886. Citizens Bank may be served with process by and through the Texas Secretary of State at PO Box 12079, Austin, TX 78711 because (a) Citizens Bank regularly engages in business in Texas; (b) does not maintain a regular place of business or a designated agent for service of process in Texas; and (c) this proceeding arises out of business conducted by Citizens Bank in this state. Tex. Civ. Prac. & Rem. Code § 17.044(b).

2.10 Defendant, TRS Recovery Services, Inc. ("TRS"), a Colorado Corporation, may be served with process by and through its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

**(Jurisdiction and Venue)**

2.11 Jurisdiction and venue are appropriate in this Court because Plaintiff seeks monetary damages that are within the jurisdictional limits of this Court. Personal jurisdiction is appropriate as to all of the Defendants named in this lawsuit because each of them has purposefully availed themselves of the privilege of conducting business in the State of Texas. With the exception of TRS, which is a debt collection agency based in Texas, each of the named Defendants is a credit bureau, national bank, or lender that regularly conducts business with residents of the State of Texas.

### III. FACTS

**(Background)**

3.1 Plaintiff is an attorney licensed to practice law in the states of Texas and Colorado. He is

licensed to practice before a number of federal courts and operates a firm in Plano, Texas that practices in the area of criminal defense, business litigation, and consumer law. He is also the part-owner of a consumer legal services company, White Jacobs & Associates, Inc. ("WJA"), which assists consumers in repairing their credit as well as the settlement of taxes, judgments, and other debts. Plaintiff is rightfully held to extraordinarily high ethical standards in those states where he is licensed to practice law as well as in those states where performs credit repair services.

3.2 Due to the constantly changing dynamics of Plaintiff's practice, he often applies to practice law through the "admission on motion" laws of jurisdictions outside of Texas. He currently has applications for a license to practice law pending in Georgia as well as in the District of Columbia.

3.3 Plaintiff previously represented Shelby Conklin in a civil lawsuit before the 431st District Court in Cause No. 14-04555-431, styled *Shelby Conklin v. PinkMeth.com, et al.* where she sought to suppress the publication of sexually explicit photographs on the Internet without her consent. A private social media account, where such pictures were stored, had been seized by computer hackers and certain sexually explicit photographs were published on "PinkMeth.com" and other websites.

3.4 When the efforts of Ms. Conklin and her counsel made national headlines, computer terrorist organizations such as "Anonymous" and "Doxbin" began directing illicit activities toward Plaintiff. These activities included the publication on the Internet of Plaintiff's personally identifying information together with a threat to publish the information of Plaintiff's elderly parents if he didn't abandon his client. Plaintiff declined to abandon his client and a computer terrorist known by the handle "Nachash"

followed through on his threats and encouraged fellow computer terrorists to ruin Plaintiff's credit.

3.5 This identity theft first occurred in June of 2014 and has been an ongoing problem for Plaintiff ever since. As a subscribed to identity theft protection services such as Lifelock, many of the attempts to steal Plaintiff's identity or to use it for unlawful purposes have been stopped. Although the litigation involving Ms. Conklin was resolved with a $1,000,000 judgment plus a permanent injunction in her favor approximately six month ago, the attacks on Plaintiff have continued.

3.6 The attacks on Plaintiff have resulted in serious damage to Plaintiff's credit reputation. Plaintiff has attempted working with Lifelock to remove fraudulent inquiries from his credit report. Plaintiff has been very patient over the past ten months for removal of this negative information and his patience has now expired.

**(Credit Bureaus)**

3.7 Plaintiff has spent countless hours attempting to resolve the fraudulent inquiries on his credit report and has learned that the number of "hard inquiries" on his report have damaged his credit reputation. With the exception of TRS Recovery Services, Inc., all of the other Defendants in this lawsuit have stated to Plaintiff that they have submitted information to credit bureaus confirming the inquiries as fraud and requesting deletion. However, neither Equifax nor Experian have removed these items from Plaintiff's credit reports.

**(Discover, Citibank, Cash Central, Speedy Cash, Comenity, Capital One, Citizens Bank)**

3.8 Each of the named Defendants has been advised, through both Plaintiff and Lifelock, the "hard inquiries" on his credit report were the result of fraud. In fact, Plaintiff procured a

seven year fraud alert on his credit file through Lifelock. Nevertheless, hard inquiries that were the result of confirmed fraud continue to be reported to Plaintiff's credit. It should be noted that these institutions typically report to Equifax, Experian, or both. None of the inquiries complained of in this petition were reported to TransUnion, or if they were, such inquiries have already been removed from Plaintiff's credit.

3.9 Discover continues to wrongfully report a fraudulent credit inquiry on Plaintiff's Experian credit report. The date of the fraudulent inquiry is December 30, 2014.

3.10 Citibank continues to wrongfully report multiple credit inquiries on Plaintiff's Experian and Equifax credit reports. A fraudulent inquiry dated December 4, 2014 was reported only to Experian. Fraudulent inquiries from the following dates were reported to both Experian and Equifax: (a) September 17, 2014 and (b) September 15, 2014.

3.11 Speedy Cash continues to wrongfully report a fraudulent credit inquiry on Plaintiff's Experian and Equifax credit report. The date of the fraudulent inquiry is September 8, 2014.

3.12 Comenity continues to wrongfully report multiple fraudulent credit inquiries on Plaintiff's Equifax credit report. The dates of these fraudulent inquiries are: (a) March 3, 2015; (b) January 27, 2015; (c) December 23, 2014; (d) November 20, 2015; and (e) September 9, 2014.

3.13 Capital One continues to wrongfully report multiple fraudulent credit inquiries on Plaintiff's Equifax credit report. The dates of these fraudulent inquiries are: (a) November 26, 2014 and (b) September 20, 2014.

3.14 Citizens Bank continues to wrongfully report a fraudulent credit inquiry on Plaintiff's Experian credit report. The date of the fraudulent inquiry is November 25, 2014.

**(TRS Recovery Services Inc.)**

3.15  On May 21, 2015, Plaintiff received the three collection notices attached hereto as Exhibits "A" – "C" and incorporated by reference herein. Plaintiff rarely uses personal checks for any purpose, immediately recognized these charges as fraudulent, and attempting to contact a representative of Defendant. Despite five attempts, nobody from Defendant's office would speak to him. On every occasion on which Plaintiff attempted to be connected with a live representative, his call was disconnected.

3.16  Defendant knew, or should have known, that these charges were fraudulent and even a cursory examination of their own records would have revealed this fact. Exhibits "A" and "B" reference returned checks from "Wal-Mart No. 1507" in the amount of $75.01 on April 11, 2015. A simple use of the Wal-Mart store locator application on its website reveals that these stores are not located in Texas: both are located in Wichita, Kansas. The third notices references "The Home Depot", but does not provide a store number. Furthermore, none of the notices included a copy of the checks presented for payment.

## IV.   CAUSES OF ACTION

**(Experian and Equifax - Fair Credit Reporting Act)**

4.1  Experian and Equifax are both consumer reporting agencies within the meaning of the Fair Credit Reporting Act.

4.2  Pursuant to 15 U.S.C. § 1681c-2(a), a consumer reporing agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft. Despite numerous reports of identity theft to

      the Defendants in this lawsuit, the credit inquiry information complained of in paragraphs 3.8 – 3.14 above continues to be displayed on Plaintiff's credit report

4.3    Pursuant to 15 U.S.C. § 1681n, Experian and Equifax are liable to Plaintiff for their willful violations of the Fair Credit Reporting Act for actual damages in an amount of at least $100.00 and not less than $1,000.00 for each violation, punitive damages as this Court may allow, and attorney fees.

### (Cause of Action for Negligence against Discover, Citibank, Cash Central, Speedy Cash, Comenity, Capital One, Citizens Bank)

4.4    All of the banks and lenders named as defendants in this lawsuit regularly furnish information to credit bureaus and owe Plaintiff both statutory and common law duties to refrain from furnishing information that they either know, or should know, is either inaccurate or the result of the types of fraudulent activities described in this petition. Nevertheless, each of them have breached, and are continuing to breach, their duty to Plaintiff to refrain from such activities by reporting, and continuing to report, hard inquiry information that they knew, or should have known, was the result of fraud. Plaintiff's credit reputation has been damaged as a result of their negligence. Plaintiff seeks damages in the amount of $2,000.00 for fraudulent inquiry that continues to be reported by these financial institutions.

### (Unfair Debt Collection - TRS)

4.5    TRS is a third party debt collector within the meaning of the Texas Debt Collection Act.

4.6    TRS committed a wrongful violation of the Texas Debt Collection Act by misrepresenting the character or amount of an alleged consumer debt. Specifically, TRS has alleged that Plaintiff is liable for the debt when they knew, or should have known,

that the debt was the result of fraud and that Plaintiff has no duty to pay the debt.

4.7  TRS has also violated the Texas Debt Collection Act by willfully using a telephone tree support system that is non-functional and refusing to accept Plaintiff's attempts to dispute the debt by telephone. See Tex. Fin. Code § 392.304(a)(19) (prohibiting other false representations or deceptive means to collect a debt or obtain information about a consumer).

4.8  Plaintiff has been damaged as a result of the wrongful conduct of TRS and seeks recovery of $100.00 in damages and permanent injunctive relief to prevent TRS from reporting any information relating to these alleged debts to and consumer credit reporting agency including, but not limited to, Experian, Equifax, TransUnion, or Chexsystems. Plaintiff also seeks recovery of reasonable attorney fees in the amount of at least $1,500.00 as authorized by Tex. Fin. Code § 392.403(b).

## V.  PRAYER

5.1  Plaintiff prays that—

    a.  Defendants be cited to appear and answer;

    b.  Plaintiff be granted judgment for actual damages as authorized by statute and for damage to his credit reputation;

    c.  Plaintiff be granted judgment for prejudgment and postjudgment interest at the highest legal or contractual rate allowed by law;

    d.  Plaintiff be granted judgment for as reasonable attorney's fees, with additional contingent amounts in the event of appellate proceedings;

    e.  Plaintiff be granted judgment for all costs of court; and

    f.  Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

**The Van Dyke Law Firm P.L.L.C.**

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
State Bar No. 24057426
200 Chisholm Place, #250
Plano, TX 75075
P – (469) 964-5346
F – (972) 421-1830
Email: jason@vandykelawfirm.com